(No. 14902.—Judgment reversed.)

EUGINE KUFFEL, Appellant, *vs.* L. L. WOOD, Appellee.

*Opinion filed December 19, 1922—Rehearing denied Feb. 8, 1923.*

1. ELECTIONS—*when ballots are not the best evidence in election contest.* Where the statutory provisions with respect to conducting an election have been complied with and the ballots have been kept so as to be free from suspicion they are the original and best evidence, but where all the statutory safeguards against mistake and fraud and to preserve the integrity of the ballots have been disregarded the return may be impeached, and the true result of the election is to be determined from all the competent evidence in the case.

2. SAME—*when result of school election is to be determined by testimony of voters.* In a contest of an election for school trustee, where every material requirement of the law for the preservation of the ballots has been disregarded and where only twenty-three ballots were cast, which were numbered when voted, the result of the election may be determined by testimony of voters as to how they voted certain ballots which were questioned in the contest.

APPEAL from the County Court of Fayette county; the Hon. C. R. TORRENCE, Judge, presiding.

ALBERT, WEBB & ALBERT, for appellant.

ARTHUR ROE, for appellee.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

Eugine Kuffel, appellant, filed in the county court of Fayette county his verified petition alleging that an election was held on April 8, 1922, for the purpose of electing a trustee of schools in township 8, north, range 3, east of the third principal meridian, in that county; that L. L. Wood and L. Rodgers were the judges and L. F. Wood clerk at said election; that the polls were opened at two o'clock P. M. and closed at four o'clock P. M.; that only twenty-three votes were cast; that thirteen legal voters, whose names were given, voted for the petitioner for said office and the other ten votes were cast for L. L. Wood, as the petitioner believed, and that the judges and clerk announced and declared that L. L. Wood had been elected to said office, and he assumed to act and was acting as trustee. L. L. Wood was made defendant, and the petition prayed that the court should find who received the greater number of the legal votes and to find and decree that the petitioner was elected. L. L. Wood, appellee, answered, admitting that the election was held as alleged but denying all other allegations of the petition. The issue was heard by the county court, which found and adjudged that L. L. Wood received more votes than Kuffel, and Wood was declared elected and there was judgment for costs against the petitioner. From that judgment an appeal was prosecuted to this court.

The following facts were proved: In the afternoon of April 8, 1922, two elections were held in the Wright school house,—one election being for school directors, held on the north side of the school room, and the other for trustee of schools, held on the south side. L. L. Wood and L. Rodgers acted as judges and L. F. Wood, a nephew of L. L. Wood,

acted as clerk. The judges signed a paper in the form of an affidavit required by the statute, but it was not sworn to and no oath was administered to them at any time. There was no ballot-box and the statute in relation thereto was not complied with. Rodgers, acting as judge, set his hat on one of the desks and deposited the ballots in it. There were twenty-three ballots, and as Rodgers received them he put a number upon each ballot and announced the number to L. F. Wood, acting as clerk, who wrote the name of the voter in the poll-book. After the polls closed, at four o'clock, Rodgers took the ballots out of his hat and handed them to L. L. Wood. The judges found they had no wire to string the ballots on, and L. L. Wood dropped them in an envelope as Rodgers read them off. The envelope was closed in the ordinary way with the mucilage and not otherwise. L. F. Wood took the envelope home and put it in a desk, which he locked and the key lay around the house. The envelope was brought into court on the contest apparently in the same condition as when delivered to L. F. Wood, and he testified that it was in the same condition. The court ordered the envelope opened and appointed two tellers to count the ballots, and they found twelve ballots for Wood and eleven for Kuffel. On some of the ballots the name written was Kuffel and on others Cuffel or Cuffle. Each one of thirteen voters whose names were on the poll list and who voted at the election, testified that he voted for Eugine Kuffel, and that the ballot cast by him was a ballot for him. Two of them could not read or write, and one of them did not read his ticket, but there was direct and positive evidence of other witnesses that they wrote the tickets for those voters, that they were for Kuffel and were deposited in the hat. Witnesses who wrote the ballots for Kuffel testified to the fact, and there was no contradiction of the evidence that the voters intended to vote for Kuffel and did cast their ballots for him. The defendant offered no evidence except what has been stated as to

the holding of the election, and testimony of Rodgers that there was such a rush of voters that he lost his count and could not be positive about numbering the ballots correctly, which was intended to meet testimony of voters that ballots numbered as voted by them were not for Wood but for Kuffel. The ballots were numbered consecutively, and there was nothing to indicate that there had been any mistake.

If the provisions of the statute with respect to holding and conducting an election have been complied with and the ballots have been kept so as to be free from suspicion they are the original and best evidence, (*West* v. *Sloan,* 238 Ill. 330; *Graham* v. *Peters,* 248 id. 50;) but where an election has not been conducted according to law and all the safeguards against mistake and fraud and to preserve the integrity of the ballots have been disregarded, the returns may be impeached and the true result of the election is to be determined from all the competent evidence in the case. (*Caldwell* v. *McElvain,* 184 Ill. 552; *Jackson* v. *Winans,* 287 id. 382.) In this case every material requirement of the law was totally disregarded. No oath was administered; there was no ballot-box; ballots were not strung nor sealed and kept in any way provided by law. If such proceedings could be tolerated in a school election for a township trustee, similar methods and disregard of law should be permitted in any election and anywhere. The evidence was positive that thirteen ballots were written for Kuffel and deposited in the hat, and the intention of the voters to vote for him cannot be doubted. That testimony cannot be met by a mere suspicion that some of the witnesses might be mistaken and on account of a rush of the voters there was some mis-numbering of the ballots.

The necessary conclusion is that Kuffel was elected. Everything material to be considered is before the court and another hearing could not change results or accomplish any good. A final judgment will therefore be entered.

The judgment of the county court of Fayette county is reversed and the appellant, Eugine Kuffel, is declared to have received a majority of the votes cast at the election and to have been elected school trustee and to be entitled to the office.        *Judgment reversed and judgment here.*